UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RHINO AVIATION CJ510 LLC AND SB 501 LLC, <br> *Plaintiffs,* <br><br> v. <br><br> WHITMORE HOLDINGS LLC AND DUPAGE AEROSPACE CORPORATION, <br> *Defendants.* | § § § § § § § § § § | Civil Action No. 4:24-cv-00615 <br><br><br> Jury Demanded |

### DEFENDANTS' MOTION TO VACATE ORDER GRANTING PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL AND FOR LEAVE OF COURT TO FILE RESPONSE BRIEF

Pursuant to Federal Rule of Civil Procedure 59(e), Defendants Whitmore Holdings LLC and Dupage Aerospace Corporation file this Motion to Vacate the Order Granting Plaintiffs' Motion for Voluntary Dismissal. Defendants further request leave of Court to allow Defendants an opportunity to file the attached opposition brief pursuant to Local Rule 7.3. In support thereof, Defendants would respectfully show the Court as follows:

This is a property damage case arising out of an airplane collision that occurred on October 24, 2023 at Hobby Airport in Houston, Texas. Plaintiffs filed this suit in the United States District Court for the Southern District of Texas on February 22, 2024. Six months later, on September 4, 2024, Plaintiffs filed a Motion for Voluntary Dismissal, seeking an Order from the Court permitting them to voluntarily dismiss this lawsuit, so that they could refile in federal court in Illinois.

As reflected in Plaintiffs' Certificate of Conference, Defendants were and remain opposed to the Motion. Pursuant to Local Rule 7.3, opposition briefs are required to be submitted to the Court within 21 days of the date of filing. Accordingly, Defendants had until September 25, 2024

to file a response to Plaintiffs' Motion and fully intended to do so. However, on September 10, 2024, this Court issued an Order granting Plaintiffs' Motion for Voluntary Dismissal.

Defendants now file this Motion pursuant to FRCP 59(e), requesting that the Court vacate its Order granting Plaintiffs' Motion for Voluntary Dismissal, and granting Defendants leave to file their opposition brief. Rule 59 of the Federal Rules of Civil Procedure was adopted to make clear that the district court possesses the power to rectify certain issues with a judgment or order in the period immediately following the entry of judgment. *White v. New Hampshire Dep't of Employment Sec.,* 455 U.S. 445, 450, 102 S. Ct. 1162, 1165-66 (1982). A motion to vacate is proper under Rule 59(e), if it meets the rule's time constraints. *See Forsythe v. Saudi Arabian Airlines Corp.,* 885 F.2d 285, 288 (5th Cir. 1989) (*per curiam*). FRCP 59(e) provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Defendants' opposition to the Motion to Dismiss is significant and compelling. Indeed, as set forth in the response brief:

As set forth in the response brief:

- Plaintiffs filed the case here and the case has been pending for six and a half months;

- Texas law will almost certainly apply to most, if not all, of the issues that may arise in this case;

- All of the conduct that gave rise to Plaintiffs' claims occurred at Houston's Hobby Airport, and the damage to Plaintiffs' aircraft occurred at Hobby Airport;

- Plaintiffs have not alleged that Defendants or their pilots did anything in Illinois that contributed to the incident;

- Plaintiffs state in their Complaint that they are limited liability companies organized under the laws of the State of Georgia, and Defendants are unaware of any contacts that Plaintiffs have with Illinois;

- Permitting the Plaintiffs to dismiss this case and re-file in federal court in Chicago will likely pose evidentiary problems. Liability issues in this case will be centered around the communications that took place at Hobby Airport between the air traffic controllers and the operators of Defendants' aircraft, and between the air traffic

- controllers and the operators of Plaintiffs' aircraft in the six minutes or so leading up to the accident;

- Non-party witnesses who are central to this case include Houston-based persons such as the Hobby Airport air traffic controllers. Other key witnesses will include the local management of the ATC Houston facility and those persons in control of Hobby's safety warning systems and communications;

- In addition to the considerations noted above, Defendants are actively investigating claims against the Federal Aviation Administration for negligence related to the subject accident, all as outlined in the declaration of Douglas E. Stimpson, an aviation accident reconstructionist, submitted along with the response brief. Assuming that Mr. Stimpson's preliminary opinions remain the same, Defendants intend to third party the FAA in this district. If this case is dismissed, Defendants would still file against the FAA in this district, because it makes logical sense to proceed here in light of the location of the accident and the location of the involved controller(s).

Here, Defendants file this Motion respectfully requesting that the Court vacate its Order, such that Defendants can submit a timely response brief for the Court's consideration. Defendants' Motion is timely as it is filed within 28 days of the entry of the Court's Order.

WHEREFORE, PREMISES CONSIDERED, Defendants Whitmore Holdings LLC and Dupage Aerospace Corporation pray that the Court grant their Motion to Vacate the Order Granting Plaintiffs' Motion for Voluntary Dismissal and request leave of Court to file the attached opposition brief, and for such other and further relief as deemed just.

Respectfully Submitted,

_____
BRENDAN P. DOHERTY
Texas Bar No. 24075923
Email: bdoherty@glllaw.com
KIMBERLY FOJTIK
Texas Bar No. 24119695
Email: kfojtik@glllaw.com
**GIEGER, LABORDE & LAPEROUSE, L.L.C.**
5151 San Felipe, Suite 750
Houston, Texas 77056
Phone: (832) 255-6000 / Fax: (832) 255-6001
**Counsel for Defendants**

3

**CERTIFICATE OF SERVICE**

    I do hereby certify that a true and correct copy of the foregoing has been served to all counsel of record via the Court's electronic case management system on September 16, 2024

_____
Brendan P. Doherty

**CERTIFICATE OF CONFERENCE**

    I do hereby certify that, on September 10, 2024, I conferred via email with Plaintiffs' counsel Butch Boyd and he is opposed to this Motion.

_____
Brendan P. Doherty