UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RHINO AVIATION CJ510 LLC AND SB 501 LLC, | § § § | |
| Plaintiffs, | § § | Civil Action No. 4:24-cv-00615 |
| v. | § § § | |
| WHITMORE HOLDINGS LLC AND DUPAGE AEROSPACE CORPORATION, | § § § § | Jury Demanded |
| Defendants. | § | |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS'
RULE 41(a)(2) MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Defendants Whitmore Holdings LLC and Dupage Aerospace Corporation file this Memorandum in Opposition to Plaintiffs' Rule 41(a)(2) Motion for Voluntary Dismissal Without Prejudice ("Motion for Voluntary Dismissal"), and would respectfully show the Court as follows:

**Background**

This is a property damage case arising out of an airplane collision that occurred on October 24, 2023 at Hobby Airport in Houston, Texas. Plaintiffs' Original Complaint, ¶ 9; *see also* Exhibit "A," NTSB Aviation Investigation Preliminary Report, p. 1. Plaintiffs assert that on that date, Plaintiffs' aircraft, N510HM, a Cessna Citation Mustang, was approaching for landing on runway 13 and had been cleared by Air Traffic Control ("ATC") to land. Plaintiffs' Original Complaint, ¶¶ 9, 11. Plaintiffs acknowledged the instruction. *Id.* Plaintiffs contend that an aircraft operated by Defendant DuPage and owned by Defendant Whitmore Holdings, N 269AA, a Raytheon Hawker 850XP, had been instructed by ATC to line up and wait on runway 22, a runway that intersected with runway 13. *Id.* at ¶¶ 9, 10, 12. Defendants acknowledged the instruction. *Id.* According to Plaintiffs, Defendants' aircraft then, without clearance, began its "takeoff roll." *Id.*

at ¶¶ 14-15.  Plaintiffs claim ATC twice radioed Defendants to hold their position and stop, but Defendants did not acknowledge the instructions or respond.  *Id.*  Plaintiffs' aircraft, still cleared to land, contacted Defendants' aircraft just before touching down.  *Id.* at ¶ 18.  In a post-accident interview, the crew of Defendants' aircraft stated they believed they were cleared for takeoff.  Exhibit "A," p. 1.  Plaintiffs contend that this incident resulted in significant damage to their aircraft.  *Id.* at ¶¶ 22-23, 49.

Plaintiffs filed this suit on February 22, 2024, alleging negligence and negligence *per se* on the part of the Defendants.  Now, six and a half months after they filed this suit, Plaintiff seek an Order from the Court permitting them to voluntarily dismiss this lawsuit so that they can refile the lawsuit in federal court in Illinois.

## Law & Argument

### I. Plaintiffs' Motion Should Be Denied

Under Rule 41(a)(1) of the Federal Rules of Civil Procedure, a plaintiff can voluntarily dismiss an action without need of a court order by filing a notice of dismissal if the opposing party has not answered or filed a motion for summary judgment or by filing a stipulation of dismissal signed by all parties who have appeared.  Otherwise, an action may be dismissed at the plaintiff's request "only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).

Defendants acknowledge that courts generally freely grant motions for voluntary dismissal if filed in the early stage of a case absent a showing of serious prejudice to the defendant or evidence of abuse by the plaintiff.  However, while this case is still in an early stage in terms of what has been done in the proceeding, defendants note that the case has been pending for six and a half months in this Court. Plaintiffs filed the case here, and in the intervening months had never suggested that this dispute would be better determined by a court in another jurisdiction.

Further, other considerations weigh in favor of denial of Plaintiffs' motion to dismiss. Texas law will almost certainly apply to most, if not all, of the issues that may arise in this case. Texas applies the law of the state with the most significant relationship to the particular issue.[1] *See Nix v. Major League Baseball*, 62 F.4th 920, 932 (5th Cir.), *cert. denied,* 144 S. Ct. 165, 217 L. Ed. 2d 62 (2023)(citing Restatement (Second) of Conflict of Laws §§ 145, 6). Here, all of the conduct that gave rise to Plaintiffs' claims occurred at Houston's Hobby Airport, and the damage to Plaintiffs' aircraft occurred at Hobby Airport. Plaintiffs point to the fact that Defendants are based in Illinois and the Defendants' aircraft is primarily located in Illinois. *See* Motion for Voluntary Dismissal, p. 2. However, Plaintiffs have not alleged that Defendants or their pilots did anything in Illinois that contributed to the incident. Their claims are based on alleged actions (and inactions) of Defendants' pilots that occurred at Hobby Airport. Similarly, the fact that Defendants' aircraft is primarily based Illinois has nothing to do with the facts giving rise to Plaintiffs' claims. Further, Plaintiffs state in their Complaint that they are limited liability companies organized under the laws of the State of Georgia, and Defendants are unaware of any contacts that Plaintiffs have with Illinois. Texas appears to be the state with the most significant relationship to the issues of this case, and a federal court in Texas, familiar with the Texas law that will be applied in this case, is better suited to determine this controversy.

Moreover, because all the events giving rise to the accident and Plaintiffs' claims occurred at Hobby Airport, permitting the Plaintiffs to dismiss this case and re-file in federal court in Chicago will likely pose evidentiary problems. As is apparent from the Plaintiffs' allegations, and as is abundantly clear from the NTSB Preliminary Report, liability issues in this case will be centered around the communications that took place at Hobby Airport between the air traffic

---

[1] When a federal court sits in diversity, it applies the forum state's choice of law rules. *Taylor v. Root Ins. Co.*, 109 F.4th 806, 808 (5th Cir. 2004).

3

controllers and the operators of Defendants' aircraft, and between the air traffic controllers and the operators of Plaintiffs' aircraft in the six minutes or so leading up to the accident. *See* Exhibit "A," p. 2. Non-party witnesses who are central to this case include Houston-based persons such as the Hobby Airport air traffic controllers, who would clearly be outside of the reach of an Illinois federal court's compulsory process. Other significant witnesses will likely include the local management of the ATC Houston facility and those persons in control of Hobby's safety warning systems and communications. Therefore, if Plaintiffs are permitted to dismiss this case and refile in Illinois federal court, the parties will be required to offer much of the necessary testimony in deposition form—undisputedly an inferior form of evidence.

In addition, other than to suggest that United States District Court for the Northern District of Illinois is "a convenient forum where Defendants are incorporated and located and where their aircraft is primarily located," *see* Motion for Involuntary Dismissal, p. 2, Plaintiffs have offered no explanation as to why they wish to dismiss the case pending in this Court and refile in Illinois federal court. The fact that Defendants are located in Illinois does not explain why **Plaintiffs** wish to dismiss and refile the case there, particularly inasmuch as Defendants are not alleged to have done anything in Illinois that gave rise to this dispute. And the location of Defendants' aircraft likewise does not make federal court in Illinois any more convenient for anyone. Both aircraft have been inspected by the NTSB and by the parties, there is nothing to suggest that any maintenance issues are involved and there is no reason to believe that further aircraft inspections will be necessary. The nature and extent of the damage to both aircraft is undisputed, and is detailed, with photographs, in the NTSB Preliminary Report. *See* Exhibit "A," pp. 3-8.

Significantly, insufficient explanation by the plaintiff of the need to take a dismissal is a factor often considered by federal courts in Texas in determining the merits of a motion for voluntary dismissal. *See Lucero v. Gen. Motors LLC*, No. 4:21-CV-02893, 2022 WL 16577308,

at *4 (S.D. Tex. Nov. 1, 2022)(where plaintiff's motion did not state a reason for the need to take a dismissal but only stated that "Plaintiffs request that Defendant…be dismissed without prejudice," the court found that "'no' reason is certainly an 'insufficient' reason,'" weighing in favor of denial of the motion); *see also Munoz v. State Farm Lloyds*, No. CV B-04-141, 2005 WL 8164992, at *2 (S.D. Tex. Feb. 18, 2005); *McElroy v. HSBC Bank USA, N.A. for Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-FMI*, No. 4:17-CV-806, 2018 WL 3912838, at *2 (E.D. Tex. Aug. 16, 2018); *Avigilon USA Corp. v. Canon Inc.,* No. 3:18-CV-1317-N, 2018 WL 3934032, at *1 (N.D. Tex. Aug. 16, 2018).

Defendants submit the foregoing considerations warrant denial of Plaintiffs' Motion for Voluntary Dismissal.

## II. **Additionally, Defendants are Investigating Possible Third Party Claims, which weighs against dismissal**

In addition to the considerations noted above, Defendants submit that they are investigating claims against the Federal Aviation Administration for negligence related to the subject accident. As outlined in the attached declaration of Douglas E. Stimpson, an aviation accident reconstructionist, there are substantial questions of fault on the part of the FAA. Exhibit B, Stimpson Declaration.

Assuming that Mr. Stimpson's preliminary opinions remain the same, Defendants intend to third party the FAA in this district. If this case is dismissed, Defendants would still file against the FAA in this district, because it makes logical sense to proceed here in light of the location of the accident and the location of the involved controller(s). If this case is dismissed, litigation concerning the same accident will then proceed in this district, as well as in Chicago. With respect, Defendants submit that the avoidance of duplicative litigation weighs heavily against dismissal.

5

### III.   Alternatively, the Court Should Require Plaintiffs to Pay All Attorneys Fees and Costs Incurred by Defendants in This Case as a Condition of Dismissal

In the alternative, should the Court deem it appropriate to grant Plaintiffs' Motion for Voluntary Dismissal, Defendants request that Plaintiffs be required to pay all of the attorneys' fees and costs incurred by Defendants in this case. Rule 41(a)(2) of the Federal Rules of Civil Procedure allows the court to issue an order dismissing an action at plaintiff's request "on terms that the court considers proper." The Fifth Circuit has explained that the purpose of such rule is to "prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002)(quoting *Manshack v. southwestern Elec. Power Co.,* 915 F.2d 172, 174 (5th Cir. 1990)). While the fact that additional expense will be incurred if a case is dismissed and refiled elsewhere will not alone generally require denial of the motion, "[e]vidence of expense incurred can of course support a discretionary award of attorney's fees and costs." *Id.* at 318, n.3.

Here, given the lack of sufficient explanation as to why Plaintiffs need to dismiss this action and re-file in federal court in Chicago, and the fact that this case has been pending in this Court for six and a half months, Defendants submit it is appropriate for the Court to require Plaintiffs to reimburse Defendants for the attorney's fees and costs incurred by them in connection with this action as a condition of dismissal.

### Conclusion

For the foregoing reasons, Defendants request that the Plaintiff's Motion for Voluntary Dismissal be denied. Alternatively, Defendants request that, as a condition of dismissal, the Court require Plaintiffs to reimburse Defendants for the attorney's fees and costs incurred by them in connection with this action.

Respectfully Submitted,

_____
BRENDAN P. DOHERTY
Texas Bar No. 24075923
Email: bdoherty@glllaw.com
KIMBERLY FOJTIK
Texas Bar No. 24119695
Email: kfojtik@glllaw.com
**GIEGER, LABORDE & LAPEROUSE, L.L.C.**
5151 San Felipe, Suite 750
Houston, Texas 77056
Telephone: (832) 255-6000
Facsimile: (832) 255-6001
**Counsel for Defendants**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been served to all counsel of record via the Court's electronic case management system on September 16, 2024, 2024

_____
Brendan P. Doherty